This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                         **No.  33,570**

**JULIO CHAVEZ-VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant appeals from the district court's on-record review and affirmance of his conviction for battery on a household member following a jury trial in metropolitan court. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

## Sufficient Evidence of "Household Member"

{2} Defendant maintains that there was insufficient evidence to support the jury's conclusion that the victim was a "household member" as defined in NMSA 1978, Section 30-3-11 (2010). Defendant's memorandum in opposition asserts that the metropolitan court judge denied Defendant's motion for directed verdict on the basis that Officer Beck had testified that he had personal knowledge that Defendant and the victim had a boyfriend-girlfriend relationship. [MIO 6] To the extent Defendant argues that this Court "too broadly construe[d] the definition of household member" [MIO 5], a boyfriend-girlfriend relationship satisfies the definition of "household member." *See* Section 30-3-11 (defining "household member" to include "a person with whom a person has had a continuing personal relationship," and defining "continuing personal relationship" as "a dating or intimate relationship"). To the extent Defendant continues to argue that the basis for Officer Beck's testimony that Defendant and the victim had a boyfriend-girlfriend relationship was not established

at trial, this Court pointed out in its notice of proposed disposition that the lack of evidence establishing the basis for Officer Beck's testimony is a matter of weight. This Court does not reweigh evidence on appeal. *See State v. Barrera,* 2001-NMSC-014, ¶ 12, 130 N.M. 227, 22 P.3d 1177 ("[I]t is the role of the trial court, and not the appellate court, to weigh the evidence and determine the credibility of witnesses."). Accordingly, we conclude that Defendant has not demonstrated error in this regard.

**Pre-*Miranda* Statements**

{3}    Defendant also maintains that fundamental error occurred when his pre-*Miranda* statements were admitted as part of Officer Beck's testimony. This Court proposed to conclude that *Miranda* warnings were not required because Defendant was not subject to a custodial interrogation where he was questioned while standing on a public street near his vehicle, was not restrained, and was never told he was not free to leave. Defendant takes issue with this Court's reliance on *State v. Sanchez*, 2001-NMCA-109, ¶ 22, 131 N.M. 355, 36 P.3d 446, arguing that *Sanchez* involved a routine traffic stop and, here, Defendant was not a motorist. [MIO 8-9] Defendant also contends that the questions in this case were geared towards a possible criminal investigation. [MIO 9] We note, however, that traffic stops also include questions geared towards a possible criminal investigation. *See id.* ¶ 22 ("Historically, police have been allowed to ask preliminary questions regarding a driver's license and

3

registration, and even to make 'reasonable requests . . . to perform field sobriety tests,' without rising to the level of custodial interrogation, which would require *Miranda* warnings." (quoted authority omitted)). Consequently, we are unpersuaded by Defendant's argument, and conclude that Defendant has not demonstrated fundamental error.

**Suspended License Testimony**

{4}     Defendant contends that the admission of testimony by Officer Beck about Defendant's suspended license constitutes fundamental error. In this Court's notice of proposed disposition, we proposed to conclude that without a showing of prejudice, Defendant had failed to demonstrate error, much less fundamental error. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). Defendant has responded by arguing that the source of the error was the State's witness, the error was only mentioned once, and that it had no relevance to the case at hand. [MIO 12] We conclude that Defendant has not established any prejudicial error sufficient to rise to the level of fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{5}     Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**